UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN LUI,

               Plaintiff,

    v.

LOUIS DEJOY,

               Defendant.

CASE NO. 3:21-cv-05030-BHS

ORDER

THIS MATTER is before the Court on defendant Louis DeJoy's motion for partial summary judgment on plaintiff Dawn Lui's Title VII hostile work environment claim, Dkt. 80.

Lui alleges that while working as the Shelton Postmaster, United States Postal Service (USPS) employees targeted her with false misconduct complaints because of her status as an "Asian Female Postmaster," and that these complaints led to her position downgrade. Dkt. 27 at 5. She sues DeJoy in his official capacity as Postmaster General, asserting Title VII and Age Discrimination and Employment Act (ADEA) claims for disparate treatment, hostile work environment and retaliation. Dkt. 15.

This is DeJoy's second motion for summary judgment on Lui's Title VII hostile work environment claim. *See* Dkt. 22. In 2023, the Court granted DeJoy's first motion, dismissing Lui's claim for failure to exhaust administrative remedies.[1] Dkt. 55. The Court concluded that Lui did not properly notify an Equal Employment Opportunity (EEO) counselor within 45 days of any discriminatory act forming the basis for her claim. *Id.* at 22. As a result, the Court concluded that the claim was untimely. *Id.* at 21–22.

The Ninth Circuit vacated and remanded for this Court to consider the merits, concluding that Lui's "notice of proposed downgrade" could be considered the "culmination" of the alleged conduct underlying Lui's hostile work environment claim. *Lui v. DeJoy*, 129 F.4th 770, 782 (9th Cir. 2025). The Court explained that because Lui notified an EEO counselor within 45 days of that act, Lui exhausted her administrative remedies.

DeJoy now argues that Lui fails to establish the elements necessary to prove a hostile work environment: specifically, that USPS employees targeted her, investigated her, and downgraded her because of her membership in a protected class and that those actions created an abusive working environment. Dkt. 80 at 17. He contends that Lui's "vague allegations" of bias are not enough to create a question of fact sufficient to overcome summary judgment. *Id.*

Lui responds that the motion improperly seeks to relitigate issues already addressed by the Ninth Circuit and remanded for trial. Dkt. 83 at 14. She contends,

---

[1] The Court also dismissed Lui's remaining Title VII and ADEA for the reasons explained in the Order. Dkt. 55.

ORDER - 2

however, that even if the Court reaches the merits, she has presented sufficient evidence of discriminatory bias, including that USPS employees and management made racially and gender-motivated derogatory comments about her, for a reasonable juror to conclude that she was subject to a hostile work environment as a result of her race, gender, and national origin.

Because the Court agrees with Lui that there are genuine issues of material fact as to multiple elements of her hostile work environment claim, DeJoy's motion is DENIED.

## I.   BACKGROUND

The facts of this case have been recited in the Court's prior summary judgment Order, Dkt. 55, and the Ninth Circuit's opinion, *Lui*, 129 F.4th 770. The Court repeats only those facts necessary to decide this motion.

Lui is a woman of Chinese ethnicity. Dkt. 15 at 2. She has worked for USPS since 1992 and has been a Postmaster since 2004. *Id.* In 2014, she was appointed as Postmaster of the Post Office in Shelton, Washington. *Id.*

On October 28, 2019, the Seattle district post office manager, Carter Clark, issued Lui a notice of a proposed downgrade of her position from a level 21 postmaster stationed in Shelton, WA, to a level 18 postmaster stationed in Roy, WA. Dkt. 46 at 2; Dkt. 23-3 at 2, 13. The notice specified three reasons for the downgrade: (1) Lui improperly instructed a rural carrier to accept a compensation scheme for working on non-scheduled workdays; (2) Lui behaved in a seemingly violent manner on one occasion by throwing a clipboard onto the ground and kicking packages and boxes on the workroom floor; and (3) Lui improperly invited an employee's husband to an employee-

only area of the workplace to investigate the husband's claim that another employee sexually harassed his wife. Dkt. 23-3 at 2. The notice informed Lui that the Tacoma postmaster, Karen Bacon, would ultimately decide whether to accept the proposal to downgrade Lui's position. *Id.* at 13.

On November 18, 2019, Lui filed a discrimination complaint in the EEO system, alleging that USPS employees targeted her with racial, gender motivated complaints and grievances, and that this discrimination improperly influenced her downgrade. Dkt. 31 at 9. Lui also appealed directly to Bacon, denying all accusations. *Id.* On February 11, 2020, Bacon affirmed Lui's downgrade, concluding that the record supports a finding that Lui engaged in unacceptable conduct on grounds one and two. Dkt. 23-6 at 2. However, Bacon did not find that Lui engaged in unacceptable conduct as to ground three. *Id.*

After the Merit Systems Protection Board affirmed her demotion, Lui sued USPS, asserting Title VII claims for disparate treatment, hostile work environment, and retaliation.[2] Dkts. 1, 15. USPS moved for summary judgment on all claims, which the Court granted. Dkt. 55. For her hostile work environment claim, the Court concluded that although Lui filed a complaint with an EEO counselor within 45 days of her notice of proposed downgrade, the proposed downgrade itself, did not form the basis of her hostile work environment claim. The Court explained that Lui "fail[ed] to present any evidence indicating that" the supervisor who signed the proposed downgrade "was improperly influenced by discriminatory bias." Dkt. 55 at 22.

---

[2] Lui also alleged age-based discrimination claims under the ADEA.

The Ninth Circuit affirmed dismissal of the retaliation claim but reversed as to the disparate treatment and vacated the hostile work environment claim. *Lui*, 129 F.4th 770. The Court of Appeals held that the circumstances surrounding Lui's demotion, including removal from her position and "replace[ment] by a white man," support an inference of discrimination sufficient to support her disparate treatment claim. *Id.* at 779. The Court of Appeals also concluded the notice of proposed downgrade constituted the "culmination" of the actions that Lui contends created a hostile work environment, and that Lui satisfied the exhaustion requirement by timely filing a discrimination complaint within 45 days of that act. *Id.* at 782. The Ninth Circuit remanded both claims for further proceedings.

DeJoy seeks summary judgment only on Lui's hostile work environment claim.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When considering a summary judgment motion, courts must view the evidence "in the light most favorable to the non-moving party." *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019) (internal citation omitted).

In an employment discrimination case, the plaintiff "need produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). This is because "'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'" *Id.* (quoting *Schnidrig v. Columbia Mach., Inc*., 80 F.3d 1406, 1410 (9th Cir. 1996).

But even in employment discrimination cases, summary judgment must be granted when there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not rely on the mere allegations in the pleadings to show a "genuine issue for trial," but must instead "set forth specific facts[.]" *Porter v. Cal. Dep't of Corr*., 419 F.3d 885, 891 (9th Cir. 2005) (quoting *Anderson*, 477 U.S. at 256. Summary judgment should be granted "where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co*., 68 F.3d 1216, 1221 (9th Cir. 1995).

**B.      There are genuine issues of material fact as to whether Lui was subjected to a hostile work environment.**

DeJoy contends that Lui presents no evidence that USPS employees filed complaints and grievances against her because of her membership in a protected class. He contends that Lui was downgraded for legitimate nondiscriminatory reasons: paying a rural carrier less than what he was owed for working on a relief day and behaving in a violent manner by throwing a clipboard and kicking packages. DeJoy argues that Lui's

ORDER - 6

"personal belief[s]" and "conclusory allegations" that employees targeted her due to her race is not sufficient to overcome summary judgment. Dkt. 80 at 16; Dkt. 27 at 5.

Lui responds that the Ninth Circuit has already concluded that there are genuine disputes of material fact as to whether her downgrade and related misconduct accusations were based on discriminatory bias. She points to the Ninth Circuit's conclusion that "Lui's termination is one of the events that is 'hostile' based on her gender and national origin." Dkt. 83 at 15. Lui asserts, however, that even if the Court were to reach the merits, she has provided "more than enough evidence," including through her own deposition testimony and that of her supervisor, for a reasonable juror to conclude that employees targeted her with complaints, her supervisors conducted inadequate investigations, and management ultimately demoted her because of her status as an Asian female. *Id.* at 15.

To establish a prima facie claim for hostile work environment, Lui must show that (1) she was subjected to verbal or physical conduct based on membership in a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021). Offensive comments do not need to be made directly to the employee for a work environment to be considered hostile. *Christian v. Umpqua Bank*, 984 F.3d 801, 810 (9th Cir. 2020) (Where a "plaintiff becomes aware of harassing conduct directed at other persons, outside her presence, that conduct may form part of a hostile environment claim and must be considered."); *Woods v. Graphic Communications*, 925 F.2d 1195, 1198,

ORDER - 7

1202 (9th Cir. 1991) (finding harassment sufficiently severe or pervasive, even when plaintiff heard about most of the incidents through other employees).

The Court disagrees with Lui that the Ninth Circuit has already concluded that this claim must proceed to trial. Rather, the Court of Appeals addressed only whether Lui had exhausted her administrative remedies, concluding that notice of Lui's proposed downgrade was part of the conduct underlying her hostile work environment claim. The Court of Appeals did not address whether employee complaints against Lui were based on her membership in a protected class or whether they were sufficiently severe or pervasive to establish a hostile work environment. Instead, the Ninth Circuit remanded for this Court to consider the merits.

Nonetheless, viewing the evidence in the light most favorable to Lui, the Court concludes that there are genuine disputes of material fact as to both elements. At her deposition, Lui testified that her supervisor, Roberts, told her that employees had commented that she was "gay," "too Chinese," and referred to her as an "Asian bitch" and "witch." Dkt. 23-2 at 6, 36. She also testified that Roberts told her that employees did not "want an Asian Postmaster in Shelton." *Id.* at 7. DeJoy responds that those statements are inadmissible hearsay and lack the specific factual support necessary to prove her claim. Dkt. 80 at 18 n.3. However, Roberts was Lui's direct supervisor and the individual who investigated allegations of her misconduct, modified her job responsibilities, and recommended her downgrade. Dkt. 83 at 8; Dkt. 26 at 4–5. Although the offensive comments were not made directly to Lui, they were relayed to her, and there remains a question of fact as to whether Roberts' comments and actions constituted unlawful

discrimination and contributed to a hostile work environment. *See also Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008) (Offensive comments do not need to be made directly to an employee for a work environment to be considered hostile.).

In addition, Lui does not rely on those statements alone. Lui testified that employees made comments directly to her about the way she spoke, including that they "didn't understand Chinese-English," Dkt. 46 at 23, and that the USPS Acting District Manager told her that "based on my Race that I should work on my communication skills," Dkt. 27 at 6. Lui also asserts that the USPS employee assigned to investigate misconduct complaints against her also made derogatory remarks about her race. Lui testified that, during one investigation, she was "subjected to a humiliating interview" in which she was asked whether she "had some personal or intimate relationship with . . . Roberts," which she attributed to the investigator's knowledge that Roberts was married to an Asian woman. Dkt. 27 at 3. Roberts testified that he also received comments from employees asking if he was married to Lui "or engaged in a sexual relationship." Dkt. 26 at 4. According to Roberts, the employees made these comments "because [they] knew that I was married to an Asian woman." *Id.* Racial and sexist remarks such as these are evidence of a hostile work environment. *See Lelaind v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1102 (N.D. Cal. 2008) (observing that the "type of actions typical of hostile work environment claims" might involve, for example, "racial slurs, sexist remarks, [and] racially or sexually derogatory acts."). A reasonable juror could find that, based on this evidence, Lui was targeted with complaints because of her race, gender, and national origin.

ORDER - 9

In addition, there is also a question of fact as to whether the conduct was severe and pervasive. To qualify as severe and pervasive, the working environment must both subjectively and objectively be perceived as abusive; that is, Lui must show that "she perceived her work environment to be hostile, and that a reasonable person in her position would perceive it to be so." *Dominguez–Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1034 (9th Cir. 2005). In making this determination, the Court considers all the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001) (internal quotation marks and citation omitted). "'Simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted).

DeJoy argues that Lui's allegations do not meet the "Ninth Circuit's high bar for 'severe and pervasive conduct.'" For support, he relies on *Manatt v. Bank of Am.*, 339 F.3d 792, 796–98 (9th Cir. 2003). There, the Ninth Circuit found that the plaintiff's coworkers' behavior amounted to "simple teasing" and "offhand comments" when they referred to the plaintiff as a "China man," ridiculed him for mispronouncing "Lima," and pulled their eyes back with their fingers to imitate or mock the appearance of Asians. *Id.* at 798. The Ninth Circuit explained that the "regrettable incidents occurring over a span

ORDER - 10

of two-and-a-half years, coupled with other offhand remarks," did not so pollute the workplace that it altered the conditions of her employment. *Id*. at 799.

Unlike *Manatt*, Lui does not allege that the comments alone created a hostile work environment. Rather, she argues that the comments are evidence that the repeated misconduct complaints against her and management's conclusory and inadequate investigations were motivated by her race or gender. The Court agrees. To overcome a summary judgment motion for an employment discrimination claim such as this, Lui need produce "very little evidence." *Chuang*, 225 F.3d at 1124. This is because "'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record.'" *Id.* (quoting *Schnidrig*, 80 F.3d at 1410).

Lui has met her burden. Lui and Roberts both testified that USPS employees repeatedly made derogatory comments about Lui's race and gender. Notably, these comments were not limited to those employees that Lui supervised herself but also extended to the investigator, her immediate supervisor, and the acting district manager. A reasonable juror could find that the entire investigatory process was tainted by discriminatory bias. In addition, the complaints resulted in actual employment consequences, including changes to her job responsibilities, multiple reassignments, and her eventual downgrade. Based on this evidence, a reasonable juror could find that Lui suffered harassment so severe or pervasive that it altered the conditions of her employment.

Because the Court finds that there are genuine factual disputes as to multiple elements of Lui's hostile work environment claim, DeJoy's motion for summary judgment, Dkt. 80, is **DENIED**.

Dated this 17th day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 12